IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | COMPLAINT |
| EXEL, INC., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Ms. Contrice Travis, who was adversely affected by such practices. The Commission alleges that Exel, Inc. ("Defendant") refused to promote Ms. Travis because of her sex, female, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Georgia and the City of Fairburn and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Ms. Travis filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2006, Defendant has refused to promote Ms. Travis to the positions of Shift Supervisor and Inventory Supervisor at its Fairburn, Georgia facility because of her sex, female.

8. On or about November, 2005, Ms. Travis was hired by Defendant as a Tasker. Ms. Travis was promoted to the position of Inventory Control Lead in or around January, 2006.

9. Defendant refused to promote Ms. Travis to the position of Shift Supervisor in or around June, 2006.

10. Defendant's General Manager, Dave Harris, failed to communicate the vacancy to Ms. Travis and, therefore, denied her the opportunity to apply. Defendant selected a male to fill the position. Ms. Travis was equally or more qualified than the individual selected by Defendant to fulfill the duties of Shift Supervisor.

11. Defendant refused to promote Ms. Travis to the position of Inventory

Supervisor in or around June, 2007.

12. Defendant's General Manager, Dave Harris, failed to communicate the vacancy to Ms. Travis and, therefore, denied her the opportunity to apply. Defendant selected a male to fill the position. Ms. Travis was equally or more qualified than the individual selected by Defendant to fulfill the duties of Inventory Supervisor.

13. Defendant refused to promote Ms. Travis to the position of Inventory Supervisor in or around June, 2008, in violation of Title VII. *See* 42 U.S.C. § 2000e-5(f)(1) and (3).

14. Defendant's General Manager, Dave Harris, failed to communicate the vacancy to Ms. Travis and, therefore, denied her the opportunity to apply. Defendant selected a male to fill the position. Ms. Travis was equally or more qualified than the individual selected by Defendant to fulfill the duties of Inventory Supervisor.

15. In or around June, 2008, General Manager Dave Harris stated that he "[did] not want to put a woman" in the position of Inventory Supervisor.

16. Mr. Harris stated, several times during Ms. Travis' tenure with Defendant, that he wanted and needed Ms. Travis to be over the office to handle all of the "ladies in the office."

17. Defendant's failure to promote Ms. Travis was based on her sex, female.

18. The effects of the practices complained of in paragraphs 13-17 above have been to deprive Ms. Travis of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

19. The unlawful employment practices complained of in paragraphs 13-17 above were intentional.

20. The unlawful employment practices complained of in paragraphs 13-17 above were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Travis.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Travis, who was adversely

5

affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Ms. Travis whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant to make Ms. Travis whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Ms. Travis punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

9/30/10
Date

_____
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Sairalina Montesino
Trial Attorney
Georgia Bar No. 940665
Sairalina.Montesino@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905