IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) CIVIL ACTION NO.: <br> ) 1:10-CV-03132 <br> v. ) <br> ) <br> EXEL INC., ) <br> ) <br> ) <br> Defendant. ) <br> ) | |

## **PLAINTIFF'S INITIAL DISCLOSURES**

(1)  State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this lawsuit on behalf of Contrice Travis, alleging that Defendant Exel Inc., violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), as amended, by failing to promote her in June 2008, to the position of Inventory Control Supervisor based on her sex: female. Instead, Exel gave the position to a male. Exel failed to properly post the job opening and made the hiring decision while Ms. Travis was working out of town for Exel. In

addition, David Harris, the general manager for Exel at the location at which Ms. Travis worked, told Ms. Travis' supervisor, James Teal, that he would not consider Ms. Travis for the position because he would not put a woman in the position of Inventory Control Supervisor.  As a result, Ms. Travis did not receive the promotion or the related increase in salary.

Exel also failed to promote Ms. Travis on several other occasions throughout her career and, instead, promoted or hired males for the position.  Each time it was David Harris who made the decision and each time Ms. Travis was either not told, out of town, or the position was not noticed properly in accordance with Exel's policies and procedures.

The legal issues to be determined in this case, include, but are not limited to:

(a)     Whether Defendant violated Title VII by refusing to promote Contrice Travis in June 2008 based on her sex;

(b)     The appropriate measure of relief, including back pay, and other related damages to which the EEOC is entitled under the facts of this case;

(c)     Whether an award of pecuniary compensatory damages and/or non-pecuniary compensatory damages is warranted;

(d)     Whether Plaintiff is entitled to injunctive relief and, if so, what form of injunctive relief should be awarded to Plaintiff; and

  (e)  Whether the conduct on which the violation of Title VII is based was done with malice and/or reckless indifference to the federally-protected rights of Ms. Travis and, if so, the proper amount of punitive damages to which the Plaintiff is entitled.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usage, and illustrative case law which plaintiff contends are applicable to this action.

  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

  42 U.S.C. § 2000e-5(g).

  Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

  <u>Schoenfeld v. Babbitt</u>, 168 F.3d 1257 (11th Cir. 1999).

  <u>Burrell v. Bd. of Trustees of Ga. Military Coll.</u>, 125 F.3d 1390 (11th Cir. 1997).

  <u>Damon v. Fleming Supermarkets of Fla., Inc.</u>, 196 F.3d 1354 (11th Cir. 1999).

  <u>Wilson v. B/E Aerospace, Inc.</u>, 376 F.3d 1079 (11th Cir. 2004).

  <u>Holifield v. Reno</u>, 115 F.3d 1555 (11th Cir. 1997).

  <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

  <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981).

  <u>Morrison v. Booth</u>, 763 F.2d 1366 (11th Cir. 1985).

(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A).

See Attachment "A".

(4)  Provide the name or any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B).

See Attachment "B".

(5)  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document llist and descriptions to Initial Disclosures as Attachment C).

See Attachment "C".

(6)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D).

See Attachment "D".

(7)  Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy

of insurance agreement to Initial Disclosures as Attachment E).

See Attachment "E".

(8)	Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

Not applicable.

This 2nd day of March, 2011.

*s/Steven A. Wagner*
Steven A. Wagner
Georgia Bar No.: 000529

U.S. Equal Employment Opportunity Commission, Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6986
Facsimile:   (404) 562-6905
steven.wagner@eeoc.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) EXEL, INC., ) ) ) Defendant. ) ) | CIVIL ACTION NO.: 1:10-CV-03132 |

This is to certify that the foregoing **PLAINTIFF'S INITIAL DISCLOSURES** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(c).

Respectfully submitted, this 2nd day of March, 2011.

<u>*s/Steven A. Wagner*</u>
Steven A. Wagner
Georgia Bar No. 000529
steven.wagner@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6897
Facsimile:   (404) 562-6905
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  ) ) ) Plaintiff,  ) ) )  v. ) ) EXEL, INC.,  ) ) )  Defendant. ) ) | CIVIL ACTION NO.: 1:10-CV-03132 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 2nd day of March, 2011, that I served a true and correct copy of the foregoing **PLAINTIFF'S INITIAL DISCLOSURES** upon the following individuals using the Court'S CM/ECF filing system:

> David Kresser, Esq.
> Fisher & Phillips, LLP
> 1075 Peachtree St., N.E., Suite 3500
> Atlanta, Georgia 30309
> dkresser@laborlawyers.com
> *Counsel for Exel, Inc.*

> Rujard M. Hayes, Esq.
> Sanchez Hayes & Associates, LLC
> 1015 Tyrone Road, Suite 620
> Tyrone, Georgia 30290
> rudjard@theconsensusgroup.com
> *Counsel for Intervenor Contrice Travis*

*s/Steven A. Wagner*
Steven A. Wagner
Georgia Bar No. 000529
steven.wagner@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6897
Facsimile:   (404) 562-6905
Attorney for Plaintiff

## Attachment "A"

(a)  Contrice Travis. Ms. Travis has knowledge of the facts and circumstances giving rise to the lawsuit, including but not limited to: the terms and conditions of her employment; her qualifications for employment; her job duties while employed by Defendant; her performance; her desire for a promotion; Defendant's treatment of her during her employment; and her damages and subsequent employment.

    c/o Steven A. Wagner, Esq.
    Equal Employment Opportunity Commission
    100 Alabama Street, SW
    Suite 4R30
    Atlanta, GA 30303
    404-562-6986
    steven.wagner@eeoc.gov

(b)  David Harris. General Manager who failed to promote Ms. Travis. He is expected to have knowledge on the promotion that Ms. Travis did not receive, whether and how that position was announced, his decision making process, the applicants who applied, and his conversations with Ms. Travis.

    Upon information and belief, Mr. Harris is still employed by Defendant and can be contacted through its counsel.

(c)  Michael Pooler. Mr. Pooler is the individual who was given the position to which Ms. Travis should have been promoted. He will have knowledge of how he obtained the position and his qualifications for the position.

    Contact information is not known at this time.

(d)  James Kenneth Teal. Mr. Teal is expected to have knowledge of Mr. Harris' reasons for not promoting Ms. Travis. He is also expected to have knowledge of Ms. Travis' qualifications and job performance.

    Upon information and belief, Mr. Teal's address is: 83 Hal Jones Road, Newnan, Georgia 30263.

(e) Tommy Chambers, Jr.. Mr. Chambers is expected to have knowledge of Ms. Travis' qualifications for the position to which she should have been promoted. He is also expected to have knowledge as to why Ms. Travis was not promoted by David Harris.

Upon information and belief, Mr. Chambers' address is: 2943 Lansing Avenue, Columbus, Georgia 31907.

(f) Marie Murphy. Ms. Murphy is in the human resources department at Exel. She is expected to have knowledge of Ms. Travis' complaint to her regarding Mr. Harris' discriminatory conduct.

Upon information and belief, Ms. Murphy is still employed by Defendant and can be contacted through its counsel.

(g) Jim Russell. Mr. Russell is expected to have knowledge regarding being trained by Ms. Travis.

Contact information is not known at this time.

(h) Roland Pochobradsky. Mr. Pochobradsky is expected to have knowledge regarding being trained by Ms. Travis.

Contact information is not known at this time.

(i) Dave DuPonte. Mr. DuPonte is expected to have knowledge regarding being trained by Ms. Travis.

Contact information is not known at this time.

(j) Dan Bair. Mr. Bair is expected to have knowledge regarding being trained by Ms. Travis.

Contact information is not known at this time.

(k) Franklin Hudson. Mr. Hudson may have knowledge regarding Ms. Travis' complaints of discrimination to Defendant regarding Dave Harris and

    Defendant.

    Contact information is not known at this time.

(l) Donald (Richard) Crankshaw. Mr. Crankshaw was Ms. Travis' supervisor and has knowledge regarding her qualifications and her employment with Defendant.

    Contact information is not known at this time.

(m) Any witnesses identified in Defendant's Initial Disclosures or discovery.

    Plaintiff reserves the right to supplement this list as additional individuals are identified through discovery.

## Attachment "B"

Plaintiff has not yet identified an expert that it intends to use at trial. Plaintiff will amend and supplement this response as required by the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

**Attachment "C"**

(a)   The EEOC's administrative file for Charge No. 846-2008-61877, less any privileged and otherwise legally non-disclosable material. The documents in the file may include, but are not limited to, the following:

      1.   Charge of Discrimination;
      2.   Notice of Charge of Discrimination;
      3.   Letters of Determination;
      4.   Notices of Failure of Conciliation;
      5.   Defendant's submissions to the EEOC;
      6.   The Charging Party's submissions to the EEOC;
      7.   Correspondence with Defendant and Charging Party;
      8.   Witness statements and affidavits.

      Materials not subject to disclosure include internal EEOC memoranda containing no independent factual material not otherwise disclosed (deliberative process privilege); documents containing EEOC thought processes and analysis (deliberative process privilege); documents prepared by or at the request of EEOC attorneys (attorney work product; attorney-client privilege); and conciliation materials (statutorily not subject to disclosure).

(b)   Documents supporting damages and mitigation of damages for Contrice Travis that are within Ms. Travis' custody and/or control, will be timely provided to Defendant as appropriate and subject to a an agreement on confidentiality.

(c)   Documents produced by Defendant during discovery or identified in its initial disclosures.

## **Attachment "D"**

The amount of damages the Plaintiff, EEOC, seeks includes:

(1) Backpay of approximately $1,327.27, which consists of $1,184.37 in backpay plus interest of $142.90 (through date of filing of the Initial Disclosures and subject to change);

(2) Pecuniary and non-pecuniary compensatory damages and punitive damages in the amount of $300,000.

In sum, Plaintiff seeks damages totaling $301,327.27, plus prejudgment interest.

Plaintiff also seeks injunctive relief that includes reinstatement, changes in the Defendant's policies to comply with Title VII of the Civil Rights Act of 1964, and requiring Defendant to institute policies, practices, and programs that eliminate sex discrimination in Defendant's workplace.

Section 706(g) of Title VII, 42 U.S.C. §2000e-5(g) authorizes the District Court to grant such relief as it deems appropriate, including the awarding of backpay. Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, provides for compensatory and punitive damages.

## **Attachment "E"**

Plaintiff is unaware of any insurance agreement responsive to this request.