**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **and** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:10-CV-03132-JEC-ECS** |
| **CONTRICE TRAVIS,** | ) | |
| **Plaintiff-Intervenor** | ) | |
| **vs.** | ) | |
| | ) | **COMPLAINT OF** |
| | ) | **PLAINTIFF-INTERVENOR** |
| **EXEL, INC.,** | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## AMENDED COMPLAINT OF PLAINTIFF-INTERVENOR

COMES NOW Plaintiff-Intervenor Contrice Travis and files this Amended Complaint of Plaintiff-Intervenor against Defendant, Exel, Inc., pursuant to Fed. R. Civ. P. 15(a)(1))(B) & 24 and 42 U.S.C. § 2000e-5(f)(1), showing the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff-Intervenor brings claims against Defendant pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is further authorized pursuant to Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3). This action is also brought pursuant to Section 102 of the Civil Rights Act of 1991. 42 U.S.C. §1981a.

2.

Venue in this division of this Court is proper, pursuant to 28 U.S.C. § 1391, because this is the judicial district in which a substantial part of the actions, events, or omissions giving rise to this claim occurred, it is the most convenient venue to the parties and witnesses, and it is where the Defendant is deemed to reside.

**PARTIES**

3.

Plaintiff, the Equal Employment Opportunity Commission (hereinafter the "EEOC") is an agency of the United States that is responsible for the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (hereinafter "Title VII").

4.

Defendant, Exel, Inc., is a corporation that employs more than fifteen (15) individuals at locations throughout the United States. Defendant is now, and at all times relevant to this action has been, and "employer" within the meaning of Title VII. 42 U.S.C. § 2000e (b).

2

5.

At all times relevant to this Complaint, Defendant has continuously acted as an employer engaged in an industry affecting commerce, as defined by Title VII. 42 U.S.C. § 2000e (b), (g), and (h).

6.

At all times relevant hereto, Defendant continuously engaged in business in the State of Georgia, in the City of Fairburn, and is therefore subject to the personal jurisdiction of this Court.

7.

Contrice Travis ("Ms. Travis"), Plaintiff-Intervenor, is a citizen of Georgia.

8.

Ms. Travis was employed by Defendant from on or about November 14, 2005, until on or about July 31, 2008.

9.

Ms. Travis filed her Charge of Discrimination with the EEOC in or around November of 2008, and perfected her charge on or about January 8, 2009. All conditions precedent to bringing this action have been fulfilled.

10.

Plaintiff EEOC brought the instant action against the Defendant on the basis of Plaintiff-Intervenor's claims of discriminatory actions, omissions, and practices of the Defendant.

**FACTS**

11.

On or about November 14, 2005, Ms. Travis was hired by the Defendant as a Tasker.

12.

At the time of her hire, Ms. Travis was responsible for the distribution of products for Pittsburgh Paint and Glass at the Defendant's Fairburn, Georgia location (hereinafter "Defendant's Fairburn location").

13.

On or about January 16, 2006, Ms. Travis was promoted to the Inventory Control Lead position by General Manager Mike Ackerman and Operations Manager Bob Browne.

14.

In or around June 2006, Mike Ackerman left the Defendant's employ and Dave Harris (hereinafter "Mr. Harris") was hired as the Defendant's General Manager at the Defendant's Fairburn location.

15.

In or around late 2006, Mr. Harris created an Inventory Supervisor position.

16.

The Inventory Control Lead position is subordinate to, and is paid at a markedly lower rate, than the Inventory Supervisor position.

17.

Since at least June, 2006, Defendant has failed and refused to promote Ms. Travis to a Supervisor Position because of her sex (female).

18.

Defendant's official policy requires that open positions be posted, so that all employees have the opportunity to apply for open positions.

19.

Mr. Harris failed to post open positions during Ms. Travis' tenure with the Defendant.

20.

Mr. Harris interviewed and/or hired male candidates for supervisory positions, and promoted male employees within the Defendant Corporation while at the Fairburn, Georgia, location.

21.

Throughout Ms. Travis' tenure with the Defendant, in the event that a supervisory position opened when no male candidates were available to fill the position, Mr. Harris laterally transferred female employees into "Lead" positions. When placed in a Lead position, the female employee's salary would remain unchanged, but she would be required to undertake the duties and responsibilities of a supervisor until a male employee was hired and who was given the supervisory job title and salary.

22.

During Ms. Travis' tenure with the Defendant, every member of Mr. Harris' management team was male.

23.

During her tenure with Defendant, Ms. Travis was not included in meetings that were attended by other male Leads, even when Ms. Travis held a Lead job title.

6

24.

During Ms. Travis' employment with the Defendant, she performed the duties and responsibilities of the Inventory Supervisor position, as well as some of the duties of other management-level employees.

25.

On numerous occasions throughout her tenure with Defendant, Ms. Travis was sent to the Defendant's Fontana, California location to train new managers and/or to act as an Operations Manager at that locaiton when the position was vacated by a male candidate.

26.

On numerous occasions throughout her tenure with Defendant, Ms. Travis performed the duties of a supervisor at Defendant's Fairburn, Georgia, location during periods in which a supervisor position was temporarily vacated.

27.

During the time in which Ms. Travis trained a management-level employee, or performed the duties of a management-level employee during a time of vacancy, Ms. Travis demonstrated her ability to perform the Supervisor's tasks, actually performed those tasks, but was not given an interview and/or the opportunity for promotion to a management-level position by Mr. Harris.

28.

The reason that Ms. Travis was not given an interview and/or the opportunity for promotion by Mr. Harris to each of the positions she trained individuals for, or acted in the capacity of, was Mr. Harris' discriminatory pattern of practice to deny such opportunities for advancement to female employees at Defendant's Fairburn, Georgia, location.

29.

In or around June 2008, the Operations Manager position at the Defendant's Fairburn, Georgia location was vacated.

30.

Contrary to the Defendant's policy, Mr. Harris failed to post the job opening, and instead directly promoted James Kenneth Teal ("Mr. Teal"), male, from Inventory Supervisor to Operations Manager.

31.

Thereafter, in or around June 2008, the Inventory Supervisor position at Defendant's Fairburn location became available.

32.

Again, Mr. Harris failed to post the opening of the Inventory Supervisor position, contrary to Defendant's policy.

33.

At the time the Inventory Supervisor position opened up, Ms. Travis was training Dan Bair, Operations Manager, at Defendant's Fontana, California location at Mr. Harris' request.

34.

At the time the Inventory Supervisor position opened up, Mr. Teal recommended Ms. Travis to backfill his position.

35.

Despite Ms. Travis' experience and despite the fact that she regularly performed the duties of an Inventory Supervisor, Ms. Harris refused to consider Ms. Travis for the Inventory Supervisor position.

36.

Mr. Harris interviewed male candidates and hired a male candidate, Michael Pooler, as the new Inventory Supervisor in or around June 2008.

37.

Mr. Harris' actions of removing Ms. Travis from the worksite and interviewing and/or hiring a male candidate in her absence were part of a purposeful and continuing strategy to exclude Ms. Travis from promotion.

38.

Mr. Harris' refusal to promote Ms. Travis to the position of Inventory Supervisor in or around June, 2008, was in direct violation of Title VII. See 42 U.S.C. § 2000e-5(f)(1) and (3).

39.

In or around June 2008, Ms. Travis inquired as to why Mr. Harris refused to consider and/or promote her to the Inventory Supervisor position. Mr. Harris told Ms. Travis that he would not promote her.

40.

Mr. Harris told Mr. Teal that Mr. Harris did not want to place a female into the position of Inventory Supervisor.

41.

During Ms. Travis' tenure with Defendant, Mr. Harris told Ms. Travis that he wanted and needed Ms. Travis in the office to handle the "ladies in the office."

42.

Ms. Travis complained of Mr. Harris' actions to Mr. Teal, who stated that he also believed Mr. Harris' behavior was discriminatory.

43.

In or around July 2008, Ms. Travis visited Marie Murphy, at Defendant's Human Resources Department, to complain about Mr. Harris' discriminatory behavior.

44.

Defendant failed to respond to or investigate Ms. Travis' complaints of discrimination, thereby creating a hostile work environment for Ms. Travis.

45.

Ms. Travis filed a charge of discrimination with the EEOC in or around November 2008.

46.

Ms. Travis' charge alleged gender discrimination with respect to promotion/pay, and was perfected on or about January 8, 2009.

47.

On or about September 30, 2010, the EEOC filed suit against the Defendant on the basis of Ms. Travis' charge of discrimination.

48.

Thereafter, on or about October 6, 2010, the EEOC provided notice to Ms. Travis of their suit against the Defendant and her right to intervene in said action.

49.

Ms. Travis timely filed her Motion to Intervene on or about January 26, 2011.

50.

On or about April 25, 2011, this Court granted Ms. Travis' Motion for Intervention and directed her to file this Amended Complaint.

51.

Ms. Travis timely filed this Amended Complaint of Plaintiff-Intervenor on or about May 6, 2011.

## COUNT I – SEX DISCRIMINATION AND VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.*

52.

Ms. Travis realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

53.

Defendant has discriminated and retaliated against Ms. Travis on the basis of her sex, in terms of her employment, in failing and refusing to promote Ms. Travis in or around June, 2008, in violation of Title VII. 42 U.S.C. § 2000e, et seq.

54.

The continuous and repeated sexual discrimination, retaliation and humiliation inflicted upon Ms. Travis in or around June, 2008, reflects a pattern and practice of sexual discrimination and creates an intimidating, hostile, and offensive work environment, in clear violation of Title VII. 42 U.S.C. § 2000e, <u>et</u> <u>seq.</u>

55.

Defendant knew, or should have known, of their managers' and/or employees' conduct and actions, and should have taken appropriate action to properly receive the complaints, investigate, and prevent the discrimination as described above

56.

Defendant acted willfully, intentionally, and with malice to deprive Ms. Travis of her civil rights, discriminating against her because of her sex, in violation of Title VII, 42 U.S.C. § 2000e, <u>et seq.</u>

57.

As a direct, proximate, and foreseeable result of the discriminatory actions and omissions of Defendant and Defendant's agent, Ms. Travis suffered, and continues to suffer, past and future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

## COUNT II – PUNITIVE DAMAGES

58.

Ms. Travis realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

59.

In performing the aforementioned actions, Defendant acted wantonly, willfully, oppressively, or with such malice as implies criminal indifference to civil obligations.

60.

Ms. Travis is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of the Defendant's discriminatory practices.

61.

Therefore, Defendant is liable to Ms. Travis for punitive damages in an amount to be proven at trial pursuant to 42 U.S.C. § 2000e, et seq. and the common law.

14

## DEMAND FOR JURY

### 62.

Plaintiff-Intervenor hereby demands a trial by jury on any and all issues triable by jury, pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Travis respectfully requests that summons issue, that judgment be entered in her favor and against the Defendant, and that the following relief be granted:

   a. The Court declare that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 2000e, et seq.;

   b. The Defendant be enjoined and permanently restrained from further violating Title VII, 42 U.S.C. § 2000e, et seq.;

   c. The Defendant be ordered to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue;

   d. The Defendant be directed to make Ms. Travis whole for all earnings and benefits she would have received but for the Defendant's

15

discriminatory treatment, including but not limited to wages (including both front and back pay), pension, and other benefits;

e. The Defendant be directed to pay Ms. Travis general compensatory damages for non-pecuniary losses resulting from the practices described above, including but not limited to, pain, suffering, mental anguish, emotional distress, anxiety, stress, depression, humiliation, loss of enjoyment of life, and loss of dignity, in an amount to be determined at trial, by the enlightened conscience of an impartial jury, or to the maximum amount allowed for by law for each cause of action, whichever is greater;

f. The Defendant be directed to pay the costs of this action together with reasonable attorney's fees and expenses, as provided in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k); and

g. Such other and further relief be granted that this Court deems just and proper.

**SIGNATURE PAGE FOLLOWS**

Respectfully submitted on this 6th day of May, 2011.

/s/ Rudjard M. Hayes
RUDJARD M.HAYES
Georgia Bar No. 340329
Attorney for Defendant

Rudjard M. Hayes
Sanchez Hayes & Associates, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5023 *telephone*
(770) 692-5030 *facsimile*
rudjard@theconsensusgroup.com

## <u>FONT CERTIFICATION</u>

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this document, Amended Complaint of Plaintiff-Intervenor, was prepared using Times New Roman font, 14-point, as approved by this Court pursuant to Local Rule for the Northern District of Georgia 5.1(B).


Respectfully submitted on this 6th day of May, 2011.


/s/ Rudjard M. Hayes
RUDJARD M.HAYES
Georgia Bar No. 340329
Attorney for Defendant

Rudjard M. Hayes
Sanchez Hayes & Associates, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5023 *telephone*
(770) 692-5030 *facsimile*
rudjard@theconsensusgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>      Plaintiff, | ) ) ) ) | |
| and | ) ) | CIVIL ACTION NO.:<br>1:10-CV-03132-JEC-ECS |
| CONTRICE TRAVIS,<br>      Plaintiff-Intervenor<br>vs. | ) ) ) | |
| | ) ) | |
| EXEL, INC.,<br>      Defendant. | ) ) ) | |

## CERTIFICATE OF SERVICE

I certify that, on March 16, 2011, I electronically filed the foregoing:

### RESPONSE TO DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF-INTERVENOR'S PROPOSED AMENDED COMPLAINT

with the Clerk of Court using the CM/ECF system which will automatically send

electronic-mail notifications of such filing to the following attorneys of record:

> Ottrell L. Ferrell
> Robert K. Dawkins
> Sairalina Montesino
> Steven A. Wagner
> Equal Employment Opportunity Commission
> Atlanta District Office – Legal Unit

100 Alabama Street, S.W.
Atlanta, GA 30303-8704

David R. Kresser
Fisher & Phillips LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, GA 30309

Respectfully submitted on this 6th day of May, 2011.

/s/ Rudjard M. Hayes
RUDJARD M.HAYES
Georgia Bar No. 340329
Attorney for Defendant

Rudjard M. Hayes
Sanchez Hayes & Associates, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5023 *telephone*
(770) 692-5030 *facsimile*
rudjard@theconsensusgroup.com