IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA GEORGIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| CONTRICE TRAVIS | ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| EXEL INC., | ) ) |
| Defendant. | ) |

CIVIL ACTION FILE
NO. 1:10-CV-03132-SCJ-ECS

## PLAINTIFF AND PLAINTIFF-INTERVENOR'S MOTION IN LIMINE

COME NOW Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), and Plaintiff-Intervenor, Contrice Travis ("Travis") (collectively referred to as "Plaintiffs"), and file this, their Motion in Limine, requesting this Court prohibit all parties, counsel, or witnesses from testifying, suggesting, arguing or commenting upon the following matters in the presence of the jury, whether during voir dire, opening statement, during the testimony of any witness, or during any argument or statement of an objection on the grounds that such issues are irrelevant, inappropriate, and unduly prejudicial. The following matters would not be admissible for any purpose in this case:

1. Defendant, its witnesses, and counsel should be prohibited from introducing evidence, presenting argument, or otherwise referencing the reasons surrounding the termination of James K. Teal's ("Teal") employment from Exel. The Plaintiffs will stipulate to the fact that Teal was terminated from Exel; however, the facts surrounding his termination from Exel do not relate to a fact of consequence in this trial and would likely be introduced in an attempt to confuse the jury and/or improperly malign Teal's character. Thus, any such evidence is irrelevant and inadmissible under Rules 401, 402, 403, and 608(b) of the Federal Rules of Evidence.  Even if the Court is inclined to allow inquiry by Exel into the circumstances of Teal's discharge, it should not permit the use of Defendant's Exhibits 11 and 12 because they are improper extrinsic evidence.

2. Defendant, its witnesses, and counsel should be prohibited from introducing evidence, presenting argument, or otherwise referencing the amount of back pay damages suffered by Travis.  The Plaintiffs have stipulated the exact amount of damages suffered by Travis. Thus, any such evidence is irrelevant and inadmissible.  42 U.S.C. § 2000e-5.

WHEREFORE, it is respectfully requested that this Court grant Plaintiffs' Motion in Limine precluding the admission of any evidence referring or relating to the matters outlined above.

Further, and in support of this Motion in Limine, Plaintiffs refer this Court to its Memorandum of Law in Support of Plaintiff and Plaintiff-Intervenor's Motion In Limine filed concurrently herewith.

Respectfully submitted, this 21st day of May, 2013.

                                              s/Steven A. Wagner
                                              Steven A. Wagner
                                              Georgia Bar No. 000529
                                              Attorney for Plaintiff EEOC

EEOC - Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6897
Facsimile:  (404) 562-6905
E-mail: steven.wagner@eeoc.gov

                                              /s/ Rudjard M. Hayes
                                              RUDJARD M.HAYES
                                              Georgia Bar No. 340329
                                              Attorney for Plaintiff-Intervenor

Sanchez Hayes & Associates, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5023 *telephone*
(770) 692-5030 *facsimile*
rudjard@theconsensusgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA GEORGIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | CIVIL ACTION FILE |
| CONTRICE TRAVIS | ) ) ) | NO. 1:10-CV-03132-SCJ-ECS |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| EXEL INC., | ) ) | |
| Defendant. | ) | |

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel certifies that this motion was prepared using Times New Roman 14-point font.

This 21st day of May, 2013.

                                        s/Steven A. Wagner
                                        Steven A. Wagner
                                        Georgia Bar No. 000529
                                        Attorney for Plaintiff

EEOC - Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6897
Facsimile:  (404) 562-6905
E-mail: steven.wagner@eeoc.gov