IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | |
| and | : : | |
| CONTRICE TRAVIS, | : : | |
| Plaintiff-Intervenor, | : : | |
| v. | : : | CIVIL ACTION FILE NO. 1:10-CV-03132-SCJ-ECS |
| EXEL INC., | : : | |
| Defendant. | : | |

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

/s/David R. Kresser
David R. Kresser
Georgia Bar No. 429615
dkresser@laborlawyers.com
Terri R. Stewart
Georgia Bar No. 244624
tstewart@laborlawyers.com
FISHER & PHILLIPS LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30309
(404) 231-1400
(404) 240-4249 Facsimile
COUNSEL FOR DEFENDANT

1651319.3

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

**Authority**:  Eleventh Circuit Pattern Jury Instruction, Civil – Introduction  (2005).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

## STATEMENT OF CONTENTIONS FOR THE JURY

Plaintiff EEOC and Plaintiff-Intervenor Contrice Travis raise only one claim in this case. Specifically, they claim that Ms. Travis was denied a promotion to a Supervisor position in June 2008 because of her gender in violation of Title VII of the Civil Rights Act of 1964.

Defendant Exel denies this claim. Exel asserts that no one was promoted to the June 2008 Supervisor position. Rather, pursuant to Exel's preferential transfer practice, a current Exel employee with supervisory experience (Michael Pooler), who was being laid off at a nearby Exel facility due to downsizing, was transferred into the open position. This transfer of an existing employee is a legitimate, non-discriminatory reason for not promoting Travis into the position, and Travis cannot show that it is a pretext for intentional gender discrimination.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

## CONSIDERATION OF THE EVIDENCE
## DUTY TO FOLLOW INSTRUCTIONS
## CORPORATE/GOVERNMENTAL AGENCY INVOLVED

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation or government agency is involved as a party must not affect your decision in any way. A corporation, a government agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Authority**:  Eleventh Circuit Pattern Jury Instruction, Civil §§ 2.2, 2.3 (2005).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

## CREDIBILITY OF WITNESSES

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Authority**: Federal Jury Practice and Instructions, §101:43, O'Malley, Grenig, and Lee, (6th ed. 2001).

1651319.3

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

## IMPEACHMENT OF WITNESSES
## INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authority**:  Eleventh Circuit Pattern Jury Instruction, Civil § 4.1 (2005).

1651319.3

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

### BURDEN OF PROOF
### WHEN ONLY PLAINTIFF HAS BURDEN OF PROOF

In this case it is the responsibility of Plaintiff (the EEOC) and Plaintiff-Intervenor (Contrice Travis) to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."  Defendant Exel does not have to prove anything in this case.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the EEOC and Ms. Travis's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the EEOC and Ms. Travis's claim by a preponderance of the evidence, you should find for Exel.

**Authority**:  Eleventh Circuit Pattern Jury Instruction, Civil § 6.1 (2005).

1651319.3

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

## DUTY TO DELIBERATE
## WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that the Plaintiff (the EEOC) and Plaintiff-Intervenor (Contrice Travis) should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority**:  Eleventh Circuit Pattern Jury Instruction, Civil § 7.1  (2005).

1651319.3

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. The verdict is the jury's decision on the case.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**Authority**:  Eleventh Circuit Pattern Jury Instruction, Civil § 8 (2005).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**

### TITLE VII - CIVIL RIGHTS ACT
### SEX DISCRIMINATION FAILURE TO PROMOTE

In this case the the EEOC and Ms. Contrice Travis make a single claim under Title VII of the Civil Rights Act of 1967, which prohibits employers from discriminating against employees in the terms and conditions of their employment because of the employee's gender.

More specifically, the EEOC and Ms. Travis claim that Ms. Travis was denied a promotion to a Supervisor position in June 2008 by Exel because of her gender.

Exel denies this claim and instead, asserts that no one was promoted. Rather, pursuant to Exel's preferential transfer practice, a current Exel employee with supervisory experience, who was being laid off at a nearby Exel facility due to downsizing, was transferred into the open position.

In order for the EEOC and Ms. Travis to establish their claim against Exel, they have the burden of proving by a preponderance of the evidence that Exel's actions were motivated by Ms. Travis's gender.

The EEOC and Ms. Travis must prove that Exel intentionally discriminated against Ms. Travis, that is, Ms. Travis's gender must be proven to have been a

motivating factor in Exel's decision not to promote Ms. Travis to the June 2008 Supervisor position.

The mere fact that Ms. Travis is a woman and was not promoted is not sufficient, in and of itself, to establish the EEOC and Ms. Travis's claim under the law.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

You should be mindful that the law applicable to this case requires only that an employer not intentionally discriminate against an employee because of the employee's gender. So far as you are concerned in this case, an employer may fail to promote an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Exel even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their gender.

You must also consider any legitimate, nondiscriminatory reason or explanation stated by Exel for its decision. If you determine that Exel has stated such a reason, then you must decide in favor of Exel unless the EEOC and Ms.

Travis prove by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for Exel discriminating against Ms. Travis because of her gender.

If you find for the EEOC and Ms. Travis and against Exel, you must then decide the issue of Ms. Travis's damages:

In considering the issue of Ms. Travis's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Travis's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Exel. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Net lost wages for the promotion [If you find for the EEOC and Ms. Travis, the parties have stipulated that this amount is $1,184.37.]

(b) Emotional pain and mental anguish.

(c) Punitive damages, if any (as explained in the Court's instructions)

[You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

[The EEOC and Ms. Travis also claim that the acts of Exel were done with malice or reckless indifference to Ms. Travis's rights under Title VII so as to entitle Ms. Travis to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing an employer for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the EEOC and Ms. Travis and then further find from a preponderance of the evidence (1) that a higher management official of Exel personally acted with malice or reckless indifference to Ms. Travis's rights under Title VII, and (2) that

the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against Exel, you may consider the financial resources of Exel in fixing the amount of such damages.

**Authority**:  <u>Eleventh Circuit Pattern Jury Instruction</u>, Civil § 1.2.1 (2005); <u>Federal Jury Practice and Instructions</u>, §§ 171.20, 171:77, O'Malley, Grenig, and Lee, (6th ed. 2001); 42 U.S.C.A. § 2000e.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

## ATTORNEYS FEES AND COURT COSTS

If you find for the EEOC and Ms. Travis you must not take into account any consideration of attorneys fees or court costs in deciding the amount of damages. [The matter of attorney's fees and court costs will be decided later by the Court.]

**Authority**:   <u>Eleventh Circuit Pattern Jury Instruction</u>, Civil § 6.1 (2005).

1651319.3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | |
| and | : : | |
| CONTRICE TRAVIS, | : : | |
| Plaintiff-Intervenor, | : : | |
| v. | : : | CIVIL ACTION FILE NO. 1:10-CV-03132-SCJ-ECS |
| EXEL INC., | : : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I certify that, on May 28, 2013, I electronically submitted Defendant's Proposed Jury Instructions with the Courtroom Deputy Clerk as well as filed a copy with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

      Ottrell L. Ferrell
      Robert K. Dawkins
      Sairalina Montesino
      Steven A. Wagner
      Equal Employment Opportunity Commission – ATL
      Atlanta District Office – Legal Unit
      100 Alabama Street, S.W.

1651319.3

4R30 Atlanta Federal Center
Atlanta, GA  30303-8704

Rudjard M. Hayes
Joan M. McCallum
Sanchez Hayes & Associates, LLC
1015 Tyrone Road
Suite 620
Tyrone, GA  30902

                                      */s/David R. Kresser*
                                      David R. Kresser