**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **and** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:10-CV-03132-SCJ-ECS** |
| **CONTRICE TRAVIS,** | ) | |
| **Plaintiff-Intervenor** | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **EXEL INC.,** | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## PLAINTIFFS' PROPOSED CHARGES TO THE JURY

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Plaintiff EEOC and Plaintiff-Intervenor Contrice Travis (hereinafter collectively referred to as "Plaintiffs") hereby request that the Court instruct the jury on the law as set forth in the following proposed charges to the jury. The Plaintiffs also respectfully request that they be permitted to supplement or modify the proposed charges to the jury as may be necessary or appropriate after the submission of all evidence or during conference with the Court.

(Signatures to follow)

Respectfully submitted, the 28th day of May, 2013.


/s/ Steven A. Wagner
Steven A. Wagner
Georgia Bar No. 000529
Attorney for Plaintiff

Equal Employment Opportunity Commission
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Tel.: 404-562-6897
Fax: 404-562-6905
steven.wagner@eeoc.gov



/s/ Rudjard M. Hayes
Rudjard M. Hayes (by SAW w/permission)
Georgia Bar No. 340329
Attorney for Plaintiff-Intervenor

Sanchez Hayes & Associates, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
Tel.: (770) 692-5023
Fax: (770) 692-5030
rudjard@theconsensusgroup.com

LADIES AND GENTLEMEN OF THE JURY:

Plaintiff-Intervenor, Contrice Travis ("Travis"), is a former employee of Defendant, Exel, Inc. ("Exel").  Travis alleges that she was denied a promotion by Defendant as a result of her gender (female), in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Travis filed a claim of sex or gender discrimination under Title VII with the Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"). The EEOC determined that Travis presented sufficient evidence of sex or gender discrimination under Title VII to substantiate her claim. Accordingly, the EEOC filed this action and Travis joined this suit against Exel.

Exel denies violating any established law with respect to Travis' employment with Exel. Rather, Exel contends that it treated Travis in a manner consistent with its policies and procedures and did not subject her to discrimination based on her sex or gender.

## PLAINTIFFS' JURY INSTRUCTION NO. 1

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In this case, the Equal Employment Opportunity Commission ("EEOC") is the lead Plaintiff.  The EEOC is the federal agency responsible for enforcing federal laws prohibiting employment discrimination and retaliation, including Title VII of the Civil Rights Act of 1964 ("Title VII").  The EEOC acts in the public interest in enforcing Title VII.  Plaintiff-Intervenor, Contrice Travis, intervened on her own behalf and alleges that Defendant subjected her to discrimination based upon her sex or gender, female.

**Authority: Adapted from Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.;** *EEOC v. Waffle House***, 534 U.S. 279 (2002);** *General Telephone Company of the Northwest, Inc. v. EEOC***, 446 U.S. 318 (1980).**

## PLAINTIFFS' JURY INSTRUCTION NO. 2

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Likewise, the fact that a governmental entity or agency is involved as a party must not affect your decision in any way.  A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

In your deliberations you should consider only the evidence -that is, the testimony of the witnesses and the exhibits we have admitted in the record- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Authority: Adapted from Eleventh Circuit 2005 Pattern Civil Jury Instruction No. 2.2 (CONSIDERATION OF THE EVIDENCE; DUTY TO FOLLOW INSTRUCTIONS; GOVERNMENT ENTITY OR AGENCY INVOLVED);** ***Burrell v. Bd. Of Trs. of Ga. Military Coll.,* 125 F.3d 1390, 1393 (11th Cir. 1997).**

**PLAINTIFFS' JURY INSTRUCTION NO. 3**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I state it and to apply it to the facts as you find them from the evidence in this case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me; you must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict regardless of the consequences.

**Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions*, §103.01 (5th Ed., 2000); *Evans v. Wright*, 505 F.2d 287, 290 (4th Cir. 1974).**

## PLAINTIFFS' JURY INSTRUCTION NO. 4

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**Authority: Eleventh Cir. 2005 Pattern Civil Jury Instruction No. 3 (CREDIBILITY OF WITNESSES)**

## PLAINTIFFS' JURY INSTRUCTION NO. 5

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authority: Eleventh Cir. 2005 Pattern Civil Jury Instruction No. 4.1**
**(IMPEACHMENT OF WITNESSES; INCONSISTENT STATEMENT)**

## PLAINTIFFS' JURY INSTRUCTION NO. 6

During the trial of this case, certain testimony was presented to you by way of deposition consisting of sworn recorded statements or answers to asked questions asked of witnesses in advance of trial by one or more of the lawyers for the parties to the case.  The testimony of a witness may be presented in writing when that witness cannot be present to testify in court or who is a party or was an employee or agent of a party when he or she testified under oath.

Such testimony is entitled to the same consideration and is to be judged as to credibility and weight and otherwise considered by you, the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Authority:  DEVITT, BLACKMAR, AND WOLFF,** ***Federal Jury Practice and Instructions,* §73.02 (4th Ed., 1987).**

## PLAINTIFFS' JURY INSTRUCTION NO. 7

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**Authority:  Eleventh Cir. 2005 Pattern Civil Jury Instruction No. 6.2 (BURDEN OF PROOF)**

## PLAINTIFFS' JURY INSTRUCTION NO. 8

In this case the Plaintiffs make a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's sex or gender.

More specifically, the Plaintiffs claim that Travis was denied a promotional opportunity by the Defendant because of her sex or gender.

In order to prevail on this claim, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: That Travis was denied a promotional opportunity by the Defendant; and

<u>Second</u>: That Travis' sex or gender was a substantial or motivating factor that prompted the Defendant to take that action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's sex or gender. So far as you are concerned in this case, an employer may fail to promote an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute you own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances.

On the other hand, it is not necessary for the Plaintiffs to prove that Travis' sex or gender was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiffs prove that sex or gender was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiffs' favor with respect to each of the facts that the Plaintiffs must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that Travis would not have been promoted for other reasons even in the absence of consideration of Travis' sex or gender. If you find that Travis would not have been promoted for reasons apart from Travis' sex or gender, then you will make that finding in your verdict.

If you find for the Plaintiffs and against the Defendant on its defense, you must then decide the issue of the Plaintiffs' damages.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all Travis' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate Travis for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Emotional pain and mental anguish; and

(b) Punitive damages, if any, as explained in the Court's instructions.

The Plaintiffs also claim that the acts of the Defendant were done with malice or reckless indifference to Travis' federally protected rights so as to entitle Travis to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others form engaging in similar wrongful conduct.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

**Authority:   Adapted from Eleventh Cir. 2005 Pattern Civil Jury Instruction No. 1.2.1 (TITLE VII-CIVIL RIGHTS ACT RACE AND/OR SEX OR GENDER DISCRIMINATION DISCHARGE/FAILURE TO PROMOTE INCLUDING "SAME DECISION" DEFENSE);** *Wilson v. B/E Aerospace, Inc.*, **376 F.3d 1079, 1086 (11th Cir. 2004).**

## PLAINTIFFS' JURY INSTRUCTION NO. 9

As I have instructed, you are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from the facts which have been established by the evidence in the case.

**Authority: DEVITT, BLACKMAR, AND WOLFF, *Federal Jury Practice and Instructions* §72.04 (4th Ed., 1987).**

## PLAINTIFFS' JURY INSTRUCTION NO. 10

This is a discrimination case. In cases of this sort, there is rarely direct evidence of discriminatory intent. In most such cases, "specific intent to discriminate will not be demonstrated by smoking gun evidence." This is because there will seldom be eyewitness testimony as to the employer's mental process. As a consequence, there is no requirement that the Plaintiffs submit direct evidence of discrimination. This is because discrimination is often subtle, because employers who discriminate may leave no written records revealing the forbidden motive, and may communicate it to no one. Thus, you must assess the evidence carefully and thoroughly in order to determine whether you believe that discrimination was a motivating factor.

**Authority:** *Reeves v. Sanderson Products, Inc.*, 530 U.S. 133, 141 (2000); *U.S. Postal Service v. Aikens*, 460 U.S. 711, 717 (1983).

## PLAINTIFFS' JURY INSTRUCTION NO. 11

The Plaintiffs may rely upon circumstantial evidence in order to show that the Defendant's reasons are not credible or, stated another way, that the Defendant's reasons were not the sole reasons for its actions toward Plaintiff.

Some types of circumstantial evidence you may consider include, but are not limited to:

a. Failure to articulate clearly and consistently the reason for the employment action;

b. Shifting explanations for the employment action; or

c. Departure from established or standard procedures.

You may also consider the fact that informal, secretive, or subjective decision processes tend to facilitate the consideration of impermissible criteria such as discrimination. Subjective criteria may not be used to disguise an impermissible discriminatory decision.

**Authority:** *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286 (11th Cir. 2006); *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1195 (11th Cir. 2004); *Bass v. Bd. of Co. Com'rs, Orange Co., Fla.*, 256 F.3d 1095, 1108 (11th Cir. 2001); *Wascura v. City of South Miami*, 257 F.3d 1238, 1244-1245 (11th Cir. 2001); *Roberts v. Gadsen Memorial Hosp.*, 835 F.2d 793 (11th Cir. 1988); *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986); *Hill v. Seaboard Coast Line R. Co.*, 767 F.2d 771, 775 (11th Cir. 1985).

## PLAINTIFFS' JURY INSTRUCTION NO. 12

If you find that the Plaintiffs have proved their claims that Defendant discriminated against Travis on the basis of her sex or gender, you must determine the amount of damages Travis sustained.

In considering the issue of a plaintiff's damages under Title VII, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less.

Compensatory damages are specifically provided for under Title VII and are intended to compensate a victim of discrimination for her emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary (that is, non-monetary) losses.

Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based upon speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect,

it is not value you are trying to determine, but an amount that will fairly compensate Ms. Travis for her claim of damages. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

**Authority:** *See* **11th Cir. 2005 Pattern Civil Jury Instruction No. 1.2.2 (modified) (COMPENSATORY DAMAGES); 42 U.S.C. § 1981(a)(b)(3) (modified).**

## PLAINTIFFS' JURY INSTRUCTION NO. 13

In addition to the compensatory damages just described, if you find for the Plaintiffs and find from a preponderance of the evidence that the acts of the Defendant were undertaken maliciously or in reckless disregard for Travis' right to be free from discrimination, then you may award Travis punitive damages. The law authorizes an award of punitive damages for the purposes of punishing a wrongdoer and serving as an example or warning to other defendants not to engage in conduct of the types just described. You may award punitive damages to Travis even in the absence of actual damages.

An act is undertaken in reckless disregard for a plaintiff's right to be free from discrimination when a supervisor or person with managerial authority discriminates against the plaintiff.

Whether or not to make an award of punitive and exemplary damages is a matter exclusively within the province of the jury.

If you award punitive damages, you should do so using calm discretion and sound reasons. If you award punitive damages, they must be stated separately in your verdict.

**Authority:** *See* DEVITT, BLACKMAR & WOLFF, *Federal Jury Practice & Instructions* (Civil Cases), §§104.07, 105.03 (4th Ed., 1987); *Kolstad v. ADA*, 527 U.S. 526 (1999).

## PLAINTIFFS' JURY INSTRUCTION NO. 14

The existence of policies to avoid sex or gender discrimination does not prevent the award of punitive damages if the employer's practice indicates a tolerance towards harassment or discrimination and a lack of good-faith efforts to comply with the law. When an employer knowingly or recklessly discriminates against an employee in violation of its own policies, the existence of those policies does not allow the employer to escape punitive damages.

**Authority:** *Lampley v. Onyx Acceptanec Corp.*, **340 F.3d 478, 482 (7th Cir. 2003);** *Miller v. Kenworth of Dothan, Inc.*, **277 F.3d 1269, 1279-1280 (11th Cir. 2002);** *Dees v. Johnson Controls World Svcs., Inc.*, **168 F.3d 417, 421 (11th Cir. 1999);** *Pospicil v. The Buying Office, Inc.*, **71 F. Supp. 2d 1346, 1358 (N.D. Ga. 1999).**

## PLAINTIFFS' JURY INSTRUCTION NO. 15

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:  Eleventh Cir. 2005 Pattern Civil Jury Instruction No. 7.1 (DUTY TO DELIBERATE)**

## PLAINTIFFS' JURY INSTRUCTION NO. 16

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**Authority:  11th Cir. 2005 Pattern Civil Jury Instruction No. 8 (ELECTION OF FOREPERSON)**

Respectfully submitted, this 28th day of May, 2013.

/s/ Steven A. Wagner
Steven A. Wagner
Georgia Bar No. 000529
Attorney for Plaintiff

Equal Employment Opportunity Commission
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Tel.: 404-562-6897
Fax: 404-562-6905
steven.wagner@eeoc.gov

/s/ Rudjard M. Hayes
Rudjard M. Hayes (by SAW w/permission)
Georgia Bar No. 340329
Attorney for Plaintiff-Intervenor

Sanchez Hayes & Associates, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
Tel.: (770) 692-5023
Fax: (770) 692-5030
rudjard@theconsensusgroup.com

## <u>FONT CERTIFICATION</u>

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this document, **PLAINTIFFS' PROPOSED CHARGES TO THE JURY**, was prepared using Times New Roman font, 14-point, as approved by this Court pursuant to Local Rule for the Northern District of Georgia 5.1(B).

Respectfully submitted, this 28th day of May, 2013.


<u>s/Steven A. Wagner</u>
Steven A. Wagner
Georgia Bar No. 000529
Attorney for Plaintiff EEOC

EEOC - Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Tel.: (404) 562-6897
Fax: (404) 562-6905
E-mail: steven.wagner@eeoc.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **and** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:10-CV-03132-JEC-ECS** |
| **CONTRICE TRAVIS,** | ) | |
| **Plaintiff-Intervenor** | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **EXEL INC.,** | ) | |
| **Defendant.** | ) | |

### CERTIFICATE OF SERVICE

I certify that on this day I electronically filed the foregoing: **PLAINTIFFS'**

**PROPOSED CHARGES TO THE JURY** with the Clerk of Court using the

CM/ECF system which will automatically send electronic-mail notifications of

such filing to the following attorneys of record:

> David R. Kresser
> Terri R. Stewart
> Fisher & Phillips LLP
> 1075 Peachtree Street, NE
> Suite 3500
> Atlanta, GA 30309

Respectfully submitted, this 28th day of May, 2013.

 

<u>s/Steven A. Wagner</u>
Steven A. Wagner
Georgia Bar No. 000529
Attorney for Plaintiff EEOC

EEOC - Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Tel.: (404) 562-6897
Fax: (404) 562-6905
E-mail: steven.wagner@eeoc.gov