IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : CIVIL ACTION NO. 1:10-CV-3132-SCJ |
| and | : |
| CONTRICE TRAVIS, | : |
| Plaintiff-Intervenor, | : |
| v. | : |
| EXEL, INC., | : |
| Defendant. | : |

## ORDER

This case appears before the Court in on various matters raised at the May 30, 2013 pretrial conference of the above-styled case.[1]

**A. Opening statements**

The time limits for opening statements are as follows:

Plaintiff's counsel - twenty minutes;

Plaintiff intervenor's counsel - twenty minutes; and

Defense Counsel - thirty minutes.

---

[1] In the interest of judicial economy, throughout this order, the Court will utilize the term "Plaintiffs" to refer to the Plaintiff and the Plaintiff-Intervenor.

AO 72A
(Rev.8/82)

## B. Statements of contention[2]

The Court will utilize the following statement of contentions in its introductory overview of the case to the jury.

> Plaintiff-Intervenor, Contrice Travis ("Travis"), is a former employee of Defendant, Exel, Inc. ("Exel"). Travis alleges that she was denied a June 2008 promotion by defendant as a result of her gender (female), in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Travis filed a claim of sex or gender discrimination under Title VII with the Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"). The EEOC determined that Travis presented sufficient evidence of sex or gender discrimination under Title VII to substantiate her claim. Accordingly, the EEOC filed this action and Travis joined this suit against Exel.
>
> Defendant Exel denies this claim. Exel asserts that no one was promoted to the June 2008 supervisor position at issue. Rather, pursuant to Exel's preferential transfer practice, a current Exel employee with supervisory experience (Michael Pooler), who was being laid off at a nearby Exel facility due to downsizing, was transferred into the open position. Exel alleges that this transfer of an existing employee is a legitimate, nondiscriminatory reason for not promoting Travis into the position, and further alleges that Travis cannot prove that she was denied a promotion based on gender.

## C. Voir Dire Questions

The Court has reviewed the parties' proposed voir dire questions and the accompanying objections. The Court enters the following ruling.

---

[2] As stated at the pretrial conference, the Court utilized the parties' submissions (as modified by the arguments) to derive the statement of contentions. The Court further noted at the pretrial conference that Defense Counsel is entitled to request a jury charge – to be given after closing arguments – concerning the role of the EEOC, in accordance with Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1288 - 89 (11th Cir. 2008).

AO 72A
(Rev.8/82)

As to the parties' proposed "questions regarding legal qualifications," [Doc. No. 86, pp. 16 -21], the Court will not utilize the parties' questions, but will instead utilize the qualifying questions set forth in its standing order at Doc. No. 87-1, pp. 3 - 4.

As to Plaintiff, EEOC: The following questions are <u>not</u> approved: 23, 24, 25, 27, 32, and 36. The remaining questions are approved, with the exception of Questions 15 and 25. The Court approves the first part of Question 15. The second part of Question 15, *i.e.*, "Did you ever consider filing a charge of discrimination, but did not? Why not?" is <u>not</u> approved. The remainder of Question 15 is approved. As to Question 25, the Court does not approve the wording of Question 25. The Court will permit the following question: A jury can award money damages, if supported by the evidence, to punish wrongful conduct or to deter similar wrongful conduct of a defendant, this is called "punitive damages," if the evidence justifies it, is there anything that would make it difficult for you to award punitive damages?

As to Plaintiff-Intervenor: The following questions are <u>not</u> approved: 24, 25, 30, 38, 47, and 48. The remainder of the questions are approved, with the exception of questions 39 and 40. Question 39 may be asked without the "demoted or terminated" language, *i.e.*, "Have you ever worked with someone you believe should have been promoted but wasn't? If so, please explain." Question 40 may be asked without the "or was unfairly disciplined or terminated" language, *i.e.*, "Have you ever felt that you or a family member was passed up for a promotion? If so, please explain."

3

<u>As to Defendant</u>:

The following questions have been withdrawn by the Defendant: 4, 5, 6(b), 6(d), 7, 14, 16, 17, 19, 20, 21, 22, 25, 26, 27, 28, 29, 31, 32, 35, 36, 37, 38, 39, 40, 41, 43, 44 – as well as unnumbered question under question 45.

The following questions are <u>not</u> approved: 12, 15, 33, and 34.

Question 15 may be asked as modified by the Court, *i.e.*, "Can you think of any reason you cannot keep an open mind and render a verdict based on the evidence and charge of the law given by the Court, merely because the Defendant is a corporation?"

### D. undisclosed witnesses

In the pretrial order, Defendant objects to the following individuals listed on the Plaintiffs' witness list: Lisa Williams, Tracy Shelnutt, Lucy Ortiz-Campo, Robert Browne, Joe Gezo. Defendant's objections are based on various grounds – to include failure to disclose as a witness during discovery.

At the May 30, 2013 pretrial conference, Plaintiffs indicated that certain individuals were listed in an abundance of caution and stated that they will not call Lisa Williams. Plaintiffs also do not anticipate calling Robert Browne. As to the remaining witnesses, listed above, the Court will allow Tracy Shelnutt, Joe Gezo, and Lucy Ortiz-Campo to testify at trial. As to Ms. Ortiz-Campo, the Court was informed at the pretrial conference that Ms. Ortiz-Campo made certain typewritten notes of a fact-finding meeting. The Court has concluded that this document needs further inquiry before being presented to the jury. Accordingly, Plaintiffs' counsel shall

4

notify the Court (and obtain a ruling) prior to presenting that document to the jury or introducing said document into evidence.

### E. Objections to exhibits[3]

The parties have objected to various exhibits. The Court resolves those objections as follows.

As to Plaintiffs' Exhibits:

Exhibit 7: The objection has been resolved as Exhibit 7 is the same as Exhibit 36.

Exhibits 20-23: Defendant withdrew its objections to these exhibits.

Exhibit 24: The Court will defer ruling on the objection until trial.

Exhibit 25: Defendant withdrew its objection to this exhibit.

Exhibit 29: The Court will defer ruling on the objection until trial.

Exhibit 31: The Court will defer ruling on the objection until trial.

Exhibit 32: The Court will defer ruling on the objection until trial.

Exhibit 33: The Court will defer ruling on the objection until trial.

Exhibit 34: The Court will defer ruling on the objection until trial.

Exhibit 35: The Court will tentatively not allow this exhibit into evidence in the absence of an identifiable witness to authenticate said exhibit. In the event that the

---

[3]The Court recognizes that the parties have already pre-marked their exhibits. The Court will allow the parties to utilize the pre-marked exhibits – recognizing that there may be a gap in numbering by the following rulings, excluding certain exhibits.

circumstances change, Plaintiffs' Counsel shall notify the Court prior to attempting to introduce the exhibit in the jury's presence.

Exhibit 43:  The Court will defer ruling on the objection until trial.

As to Defendant's exhibits:

Exhibit 1: The Defendant withdrew this exhibit.

Exhibit 7: The Court will defer ruling on this exhibit until trial.

Exhibit 8: The Court overrules Plaintiffs' objection.

Exhibit 9:  The Court overrules Plaintiffs' objection.

Exhibit 10:   Plaintiffs withdrew their objection.

Exhibit 11:  The Court overrules Plaintiffs' objection.

Exhibit 12:  The Court overrules Plaintiffs' objection.

Exhibit 13: The Court sustains Plaintiffs' objection.

Exhibit 14:   The Court overrules Plaintiffs' objection.

Exhibit 18: The Court finds that the misidentification has been resolved.

Exhibit 22: Said exhibit will not be introduced pursuant to the Court's order on the parties' consent motion in limine.  Doc. No. 103.

Exhibit 23: Said exhibit will not be introduced pursuant to the Court's order on the parties' consent motion in limine.  Doc. No. 103.

Exhibit 24: Said exhibit will not be introduced pursuant to the Court's order on the parties' consent motion in limine.  Doc. No. 103.

AO 72A
(Rev.8/82)

Exhibit 25: Said exhibit will not be introduced pursuant to the Court's order on the parties' consent motion in limine. Doc. No. 103.

Exhibit 26: The Defendant withdrew this exhibit.

Exhibit 30: The Defendant withdrew this exhibit.

Exhibit 31: The Defendant withdrew this exhibit.

Exhibit 32: The Court sustains Plaintiffs' objection to this exhibit; however, the Court will permit defense questioning as to whether Contrice Travis got along with others at Exel.

Exhibit 33: The Court sustains Plaintiffs' objection to this exhibit; however, the Court will permit questioning as to whether Contrice Travis got along with others at Exel.

Exhibit 34: The Defendant withdrew this exhibit.

Exhibit 38: Said exhibit will not be introduced pursuant to the Court's order on the parties' consent motion in limine. Doc. No. 103. The Defendant also withdrew this exhibit.

Exhibit 39: Said exhibit will not be introduced pursuant to the Court's order on the parties' consent motion in limine. Doc. No. 103. The Defendant also withdrew this exhibit.

Exhibit 40:   The Defendant withdrew this exhibit.

Exhibit 42: The Plaintiffs have withdrawn their objection to this exhibit.

Exhibit 43:  The Defendant withdrew this exhibit.

7

F. Jury charge

The Court will prepare a draft of its anticipated charge prior to the charge conference of this case. It is important to note that on May 29, 2013, the Eleventh Circuit issued a 2013 revision of the Eleventh Circuit Pattern Jury Instructions for Civil Cases. **Effectively immediately, this Court will utilize the 2013 revision in its preparation fo the charge for this case**. The parties are encouraged to contact the Eleventh Circuit and obtain a copy of the 2013 revisions.

G. Verdict form

The Court has reviewed both parties' proposed verdict form. The Court's proposed verdict form is attached hereto as Exhibit A.[4]

IT IS SO ORDERED, this 31st day of May, 2013.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[4] In light of the recent issuance of the 2013 revised Eleventh Circuit pattern charge and model verdict form, the Court will allow additional argument on the verdict form at the charge conference.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** : | |
| : | **CIVIL ACTION NO.** |
| **Plaintiff,** : | **1:10-CV-3132-SCJ** |
| and : | |
| : | |
| **CONTRICE TRAVIS,** : | |
| : | |
| **Plaintiff-Intervenor,** : | |
| : | |
| **v.** : | |
| : | |
| **EXEL, INC.,** : | |
| : | |
| **Defendant.** : | |

## VERDICT

**Do you find from a preponderance of the evidence:**

1. That the Defendant denied Plaintiff a promotion?

    Answer Yes or No   _____

    **If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.**

2. That the Plaintiff's sex or gender was a motivating factor that prompted the Defendant to take that action?

    Answer Yes or No   _____

    **If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.**

3. That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits?

        Answer Yes or No    _____

**If your answers to Question 3 is "yes," then the parties have already stipulated that the amount of back pay is $1,184.37, plus prejudgment interest. You, the jury, should not make any additional award for lost pay.**

4. That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

        Answer Yes or No    _____

        If your answer is Yes,
        in what amount?     $_____

**If you did not award damages in response to either Question Nos. 3 or 4, this will end your deliberations, and your foreperson should go to the end of this verdict form to sign and date it. If you awarded damages in response to Question Nos. 3 or 4 (or both), go to the next question.**

5. (a) That a higher management official of the Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights?
        Answer Yes or No    _____

(b) If your answer to 5 (a) is "Yes," do you further find that the Defendant itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

Answer Yes or No    _____

**If your answer to Question 5(b) is "No," this will end your deliberations, and your foreperson should go to the end of this verdict form to sign and date it. If your answer to question 5(b), is "Yes," go to the next question.**

(c) If your answers are "Yes," to both 5(a) and (b), what amount of punitive damages, if any, should be assessed against the Defendant? $_____.

Page 2 of 3

**SO SAY WE ALL,** signed and dated at the United States Courthouse, Atlanta, Georgia, this _____ day of June, 2013.

_____        _____
Foreperson's Signature                                Foreperson's Printed Name