IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

and

CONTRICE TRAVIS,

      Plaintiff-Intervenor,

      v.

EXEL, INC.,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:10-CV-3132-SCJ

## ORDER

This matter appears before the Court for consideration of the Plaintiff's and Plaintiff-Intervenor's Motion in Limine [Doc. No. 97].

On May 21, 2013, Plaintiff, the Equal Employment Opportunity Commission and Plaintiff-Intervenor, Contrice Travis (collectively "Plaintiffs") filed a Motion in Limine, requesting that the Court prohibit all parties, counsel, or witnesses from testifying, suggesting, arguing or commenting upon the following matters in the presence of the jury: (1) the reasons surrounding James K. Teal's termination from employment with Exel and (2) referencing the amount of back pay damages suffered by Travis.

## I. Legal Standard

A motion in limine is a pretrial motion by which a litigant seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). A motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir.1997). "The district court has wide discretion in determining the relevance of evidence produced at trial." Boyd v. Ala. Dep't. of Corr., 296 F. App'x 907, 908 (11th Cir. 2008); see also United States v. Nowak, 370 F. App'x 39, 41 (11th Cir. 2010) ("District courts have broad discretion to admit probative evidence, but their discretion to exclude [relevant] evidence under Rule 403 is limited.").

## II. Analysis

### A. James K. Teal

The record shows that James K. Teal is a former employee of Exel. Doc. No. 101. The record also shows that Teal has provided deposition testimony assigning gender-based discriminatory animus to David Harris, the decision maker with respect to the employment action at issue concerning Travis. Id. at pp. 1-2. The record further shows that Exel terminated Teal's employment due to allegations of sexual harassment lodged against him by a female employee. Doc No. 97-1, p. 2. In the proposed pretrial order/exhibit list, Exel has listed two documents that refer to the

2

circumstances of Teal's discharge: (1) Exhibit 11 - a June 23, 2008 memorandum from Teal to Exel management acknowledging Exel's policy on sexual harassment in the workplace; and (2) Exhibit 12 - a complaint against Teal handwritten by a female employee.  Doc. No.86, p. 61.

In their motion, Plaintiffs argue that the facts and circumstances surrounding Teal's discharge are irrelevant and inadmissible under Federal Rules of Evidence 401 (test for relevant evidence) and 402 (general admissibility of relevant evidence).  Doc. No. 97-1, p. 3.  Plaintiffs further argue that even if the Court deems the evidence relevant, the probative value is substantially outweighed by the potential to unfairly prejudice Travis.  Id. at p. 4.  Plaintiffs argue that the evidence at issue would only be introduced as an impermissible attempt to embarrass Teal, as well as confuse and potentially mislead the jurors as to the relevant facts of the case.  Id. at p. 5.  Plaintiffs further argue that if the Court is inclined to allow Teal's testimony of the facts surrounding his discharge, then the Court should prohibit Exel from introducing extrinsic evidence unless and until Teal denies the facts at issue.  Id. at p. 7.

In response, Defendant asserts that it has a right to challenge the bias, motivations and credibility of Teal as to the specific statements that he attributes to Harris.  The Court agrees.  The Court finds that pursuant to the Federal Rule's definition for relevance as set out in Federal Rule of Evidence 401, the evidence at issue is relevant to whether Exel had a legitimate, non-discriminatory reason for not selecting Travis for the June 2008 position – in that the circumstances surrounding

Teal's termination have the tendency to show whether Harris actually made the specific discriminatory statements that Teal attributes to him.  As noted by Defendant, the fact that Teal was discharged based on a sexual harassment allegation, shows his bias and motive for years later making a sex discrimination claim against Harris. Doc. No. 101, p. 7.  The Court further finds that the circumstances surrounding Teal's termination is highly probative and substantially outweighs any asserted unfair prejudice.  The Court also finds that the exhibits at issue are not barred by Federal Rule of Evidence 608(b)'s prohibition on use of extrinsic evidence, as the evidence at issue will be utilized to show bias.  See United States v. Corbin, 734 F. 2d 643, 655 (1984) (recognizing an exception to the rule against extrinsic evidence when the testimony proffered would tend to show that the witness is biased); and United States v. Taylor, 426 F. App'x 702, 705, (11th Cir. 2011) ("Rule 608(b) provides that a party may not introduce extrinsic evidence to attack a witness's character for truthfulness. The rule does not, however, prohibit a party from using extrinsic evidence for other impeachment purposes, such as to show bias, to contradict a witness's testimony, or to demonstrate that the witness has made prior inconsistent statements. In addition, a party may use extrinsic evidence to prove or disprove a specific fact that is material to the case.").

## B. Back pay

Plaintiffs argue that the amount of back pay damages suffered by Travis is inadmissible pursuant to 42 U.S.C. § 2000e-5. Doc. No. 97-1, p. 8.  Plaintiffs further

4

argue that because they are not alleging that Travis suffered compensatory damages as a result of being paid less prior to her leaving Exel, evidence or reference to the amount of back pay sought by Travis would be irrelevant and immaterial to the issues to be decided by the jury. Id. at p. 9.

In response, Defendant argued that the stipulated amount is relevant to the jury's determination of compensatory and punitive damages should there be a verdict for Plaintiffs. Defendant further notes that the back pay amount has been stipulated to the parties in the pretrial order – and Plaintiffs have failed to cite to a single case that stands for the proposition that the stipulated fact of the amount of back pay should be excluded as evidence or argument. Doc. No. 101, p. 12.

After review, the Court exercises its discretion to DENY Plaintiff's motion in limine as to evidence of the amount of back pay. The Court notes that Defense Counsel indicated in his response that he would agree, in light of the parties' stipulation as to the amount of back pay, to not seek to elicit testimony from Travis or other witnesses regarding the amount of back pay or its calculation. Doc. No. 101, p. 12. Said agreement is hereby incorporated by reference and made the order of this Court.

### Conclusion

Plaintiff's and Plaintiff-Intervenor's Motion in Limine [Doc. No. 97] is hereby **DENIED**. At trial, the Court will permit testimony and extrinsic evidence as to the circumstances surrounding Defendant Exel Inc.'s termination of James K. Teal's

5

employment.  The Court will also permit evidence of and reference to the amount of

back pay that the EEOC and Travis are seeking to recover from Exel, Inc.

**IT IS SO ORDERED,** this **31st** day of May, 2013.

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

6