IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN OPEN COURT
U.S.D.C   Atlanta

JUN 06 2013

JAMES N. HATTEN
By: _____
Deputy Clerk

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | : : : | |
| and | : : | Civil Action No.: 1:10-CV-3132-SCJ |
| CONTRICE TRAVIS, Plaintiff-Intervenor, | : : : : | |
| v. | : : | |
| EXEL, INC., Defendant. | : : : | |

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

Likewise, the fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

2

Now, as I have previously stated to you, the Plaintiffs sued the Defendant for violation of Plaintiff Contrice Travis's rights under Federal Civil Rights statutes.  Pursuant to these statutes, an individual who believes her rights have been infringed upon must first file a "Charge of Discrimination" with the Equal Employment Opportunity Commission, or the EEOC as it is called, before she may bring a lawsuit.

Upon receiving that charge, the EEOC must investigate the allegation. After investigation, the EEOC may either determine that there is not reasonable cause to believe the charge is true and dismiss the charge or determine that there is reasonable cause to believe that charge is true. Whether or not the EEOC determines cause, the person who alleges to be aggrieved may file a lawsuit. The EEOC's reasonable cause determination is not an adjudication of rights and liabilities. Indeed, it is a nonadversary proceeding designed to notify the employer of the EEOC's findings, which is not reviewable in court and not binding upon the employer, the employee, or you, the jury.

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Michael J. Pooler taken on August 22, 2011, has been presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

You should not place any significance on the behavior or tone of voice of any person reading the questions or answers.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

In this case, Plaintiffs EEOC and Contrice Travis claim that Defendant Exel, Inc. violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their sex.

Specifically, Plaintiffs claim that Defendant Exel, Inc. denied a promotion in June 2008 to Contrice Travis because of her sex.

Defendant Exel, Inc. denies Plaintiffs' claim and asserts that no one was promoted. Rather, Exel asserts that pursuant to Exel's priority transfer practice, a current Exel employee with supervisory experience, who was being laid off at a nearby Exel facility due to downsizing, was transferred into the open position.

To succeed on their claim against Exel, Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:   Exel denied a promotion to Contrice Travis in June 2008; and

Second:   Contrice Travis's sex was a motivating factor that prompted Exel to deny Contrice Travis a promotion in June 2008.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

If you find that Exel denied Contrice Travis a promotion in June 2008, you must decide whether Contrice Travis's sex was a "motivating factor" in the decision.

To prove that sex was a motivating factor in Exel's decision, Plaintiffs do not have to prove that Travis's sex was the only reason that Exel denied Contrice Travis a promotion in June 2008. It is enough if Plaintiffs prove that sex influenced the decision. If Contrice Travis's sex made a difference in Exel's

10

decision, you may find that it was a motivating factor in the decision.

Exel claims that Contrice Travis's sex was not a motivating factor in the decision and that it did not promote Travis in June 2008 for another reason. An employer may not discriminate against an employee because of the employee's sex, but the employer may decline to promote an employee for any other reason, good or bad, fair or unfair. If you believe Exel's reason for the decision not to promote Contrice Travis, and you find that Exel's decision was not motivated by Contrice Travis's sex, you must not second guess Exel's decision, and you must not substitute your own judgment for Exel's judgment — even if you disagree with it.

As I have explained, Plaintiffs have the burden to prove that Contrice Travis's sex was a motivating factor in Exel's decision not to promote Contrice Travis. I have explained to you that evidence can be direct or circumstantial. To decide whether Contrice Travis's sex was a motivating factor in Exel's decision not to promote Contrice Travis, you may consider the circumstances of Exel's decision. For example, you may consider whether you believe the reason Exel gave for the decision. If you do not believe the reason it gave for the decision, you may consider whether the reason was so unbelievable that it was a cover-up to hide the true discriminatory reasons for the decision.

If you find in Plaintiffs' favor for each fact they must prove, you must consider Contrice Travis's compensatory damages.

When considering the issue of Contrice Travis's compensatory damages, you should determine what amount, if any, has been proven by Plaintiffs by a preponderance of the evidence as full, just and reasonable compensation for all of Contrice Travis's damages as a result of the denied promotion, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant Exel, Inc. Also, compensatory

damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Plaintiffs have proved them by a preponderance of the evidence, and no others:

(a)   net lost wages and benefits from the date of denied promotion to the date of your verdict. [If you find for Plaintiffs, the parties have stipulated that this amount is $1,184.37.]; and

(b)   emotional pain and mental anguish.

To determine whether and how much Contrice Travis should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury — tangible and intangible. Plaintiffs do not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates Contrice Travis for her claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

Plaintiffs also ask you to award punitive damages. The purpose of punitive damages is not to compensate Plaintiffs but, instead, to punish Defendant Exel, Inc. for wrongful conduct and to deter similar wrongful conduct.

To be entitled to an award of punitive damages, Plaintiffs must prove by a preponderance of the evidence that Exel acted with either malice or with reckless indifference toward Contrice Travis's federally protected rights. Specifically, Plaintiffs must show that an employee of Exel, acting in a managerial capacity, either acted with malice or with reckless indifference to Contrice Travis's federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Exel gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Exel acted with malice, Plaintiffs must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Plaintiff Contrice Travis anyway. To show that Exel acted with reckless indifference to Contrice Travis's federally protected rights, Plaintiffs must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Plaintiffs to an award of punitive damages; Plaintiffs need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to

13

prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Exel acted with malice or with reckless indifference to Contrice Travis's federally protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Exel engaged in a pattern of discrimination toward its employees; (2) whether Exel acted spitefully or malevolently; (3) whether Exel showed a blatant disregard for civil legal obligations; (4) whether Exel failed to investigate reports of discrimination; (5) whether Exel failed to take corrective action concerning discriminatory acts or comments by its employees; and (6) whether the person accused of discrimination was included in the employer's decision making process concerning Contrice Travis's denied promotion.

If you find that punitive damages should be assessed against Exel, you may consider the evidence regarding Exel's financial resources in fixing the amount of such damages.

14

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.